**[J-56-2024] [MO: Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| THE BOROUGH OF WEST CHESTER, | : | No. 9 MAP 2023 |
| | : | |
| Appellant | : | Appeal from the Commonwealth |
| | : | Court decision dated January 4, |
| | : | 2023 at No. 260 MD 2018. |
| v. | : | |
| | : | ARGUED: September 11, 2024 |
| | : | |
| PENNSYLVANIA STATE SYSTEM OF | : | |
| HIGHER EDUCATION AND WEST | : | |
| CHESTER UNIVERSITY OF | : | |
| PENNSYLVANIA OF THE STATE SYSTEM | : | |
| OF HIGHER EDUCATION, | : | |
| | : | |
| Appellees | : | |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                                  **DECIDED: April 30, 2026**

I join the majority opinion in the present circumstances, where the proceeds of the Borough's stormwater charge are applied to projects remote from the University such as tree planting, street sweeping, regrading of alleys, and rain garden installations and curb extensions to increase filtration and slow runoff. The borough manager testified these types of projects produce cleaner water and a cleaner, more well-maintained borough, which in turn has public health benefits.[1] Such projects serve the interests of the community as a whole, but they are not items of specific value that the Borough provides to the University in return for the money charged. The more a stormwater charge is used for general projects to address environmental issues, community beautification, or

---

[1] *See* N.T., 10/15/2020, at 60, 103-111, *reprinted in* RR. 1208a, 1251a-1259 (deposition testimony of Michael Perrone).

hazards in public places, the thinner the nexus to runoff from developed properties becomes – making the charge a tax. *See Lewiston Indep. Sch. Dist. No. 1 v. City of Lewiston*, 264 P.3d 907, 913-14 (Idaho 2011) (concluding a stormwater charge with similar benefits to the community was a tax). *See generally* Brief for Appellees at 46 (positing that because such features are not part of the stormwater system itself – and they may be located miles from the University – they cannot be relied on as a basis to conclude the charge is a fee for services rendered).

I reserve judgment as to stormwater charges in other municipalities where the proceeds are directed solely to stormwater remediation and measures needed for remediation, such as ameliorating stream erosion or filtering out toxins carried by runoff. I also would not foreclose concluding a stormwater charge is a fee where the amount of the charge is calculated in substantial part according to the benefit accruing to each property based on the amount of runoff from nearby properties. *Cf.* Majority Op. at 28 (observing stormwater which neither filtrates nor evaporates naturally runs off one's property, and thus, a remediation system's benefit to each property is a function of how much stormwater runs off neighboring properties) (quoting *DeKalb County, Ga. v. United States*, 108 Fed. Cl. 681, 703 (2013)).

As a final observation, I note the rule that instrumentalities of the Commonwealth enjoy immunity from local taxation arises in each case, ultimately, from an exercise in statutory interpretation. The rule is built on the precept that the power to tax resides with the General Assembly, which may "by express direction delegate segments of the taxing power to municipal bodies, whose exercise thereof is confined to the power so delegated." *Commonwealth v. Dauphin Cnty.*, 6 A.2d 870, 871 (Pa. 1939); *see also Lehigh-Northampton Airport Auth. v. Lehigh Cnty. Bd. of Assessment Appeals*, 889 A.2d 1168, 1175 (Pa. 2005). Absent delegation, the local government lacks the power to tax

Commonwealth properties because the General Assembly did not explicitly provide it. We have therefore indicated that: any grant of power to tax the Commonwealth must be express; the scope of an express grant is to be strictly construed; and "such a grant may not be found by implication." *Del. Cnty. Solid Waste Auth. v. Berks Cnty. Bd. of Assessment Appeals*, 626 A.2d 528, 531 (Pa. 1993).

This latter principle – that the power to tax Commonwealth instrumentalities cannot occur by implication – is thus a judge-made rule that appears prophylactic in nature. I would be open, in a future case, to consider advocacy suggesting an implied grant of taxing authority can arise where the municipality is required by state law to spend funds on pollution-control projects, *see, e.g.*, Majority Op. at 25 & nn.20-22 (referencing federal and state mandates requiring action by the Borough), at least to the extent the municipality may be seen to be acting as an agent of the Commonwealth to accomplish state-level objectives pursuant to state-level mandates.[2] No presentation along these lines has been received in the present case, as the substantive issue before this Court is limited to whether the Borough's stormwater charge constitutes a tax or a fee.

---

[2] *Cf.*, *Lewiston Indep. Sch. Dist. No. 1 v. City of Lewiston*, 264 P.3d 907, 909 (Idaho 2011) ("In order to eliminate non-stormwater and pollutant discharge, the Clean Water Act requires municipalities discharging stormwater into the receiving waters of the United States to obtain a National Pollutant Discharge Elimination System permit ('NPDES permit'). The City's NPDES draft permit required it to undertake comprehensive management of its stormwater system to reduce pollutant loads from entering the receiving waters of the United States.") (citing 33 U.S.C. § 1342(p)(1)-(6)).